UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>ANISSA DE LA CRUZ,<br><br>    Defendant. | Case No. 25-cv-03567-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Petitioner Maria Moore is serving a life sentence without the possibility of parole following a jury conviction for first degree murder with the special circumstances of financial gain and lying-in-wait. Dkt. No. 1 ("Pet.") ¶¶ 1, 6, 10. The California Court of Appeal affirmed the judgment and summarily denied Moore's petition for habeas corpus. *Id.* ¶¶ 12, 13; *see People v. Moore*, 2023 WL 7102005, at *6 n.6, *8 (Cal. Ct. App. 2023). The California Supreme Court denied petitions for review in both Moore's appeal and the habeas case. Pet. ¶¶ 14, 15; Dkt. No. 9 ("Mot.") at 2, Exs. 2 & 4. Moore now seeks federal habeas corpus relief under 28 U.S.C. § 2254. She asserts three claims in her Petition: (1) denial of effective assistance of counsel under the Sixth Amendment, (2) denial of due process under the Fourteenth Amendment "due to the trial court's failure to correct the jury's application of the preponderance of the evidence standard to support Petitioner's conviction[,]" and (3) denial of "due process under the Fifth and Fourteenth Amendments due to Petitioner's actual innocence." *Id.* ¶¶ 18, 22, 26.

Respondent, Anissa De La Cruz, Acting Warden of the Central California Women's Facility, moves to dismiss Moore's third claim on the grounds that it is neither cognizable nor exhausted.[1] Mot. at 2-5; Dkt. No. 11 ("Reply") at 1-3. Moore opposes. Dkt. No. 10 ("Opp.").

---

[1] Before this matter was transferred to the undersigned, the Court issued an order directing Respondent to show cause why the Petition should not be granted. Dkt. No. 3 ("OSC").

Dismissal is appropriate as to claim three. The United States Supreme Court has not yet recognized a free-standing claim of actual innocence as cognizable in federal habeas proceedings. *See Herrera v. Collins*, 506 U.S. 390, 400-01 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also House v. Bell*, 547 U.S. 518, 555 (2006); *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71 (2009) ("Whether such a federal right [to be released upon proof of actual innocence] exists is an open question. We have struggled with it over the years, in some cases assuming, arguendo, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet.") (citations omitted). The Ninth Circuit has observed that it is "still an open question" whether federal habeas relief is available based on a freestanding claim of actual innocence. *Taylor v. Beard*, 811 F.3d 326, 334 (9th Cir. 2016) (en banc) (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)).

Because there is no clearly established Supreme Court authority recognizing that a free-standing claim of actual innocence is cognizable on federal habeas review, a state court's rejection of such a claim cannot be said to be contrary to, or involving an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See Dominguez v. Lackner*, No. C 12-5896 RMW (PR), 2013 WL 664702, at *1 (N.D. Cal. Feb. 21, 2013). Claim three is thus not cognizable[2] and is properly **DISMISSED WITH PREJUDICE**.

To the extent that Moore seeks to avoid this outcome by re-packaging the claim in her opposition brief, those efforts fail. She asserts:

> Petitioner does not assert actual innocence as an isolated or stand-alone claim. Rather, she invokes actual innocence in support of multiple constitutional violations that occurred during her trial, including the denial of her Sixth Amendment right to the effective assistance of counsel and the denial of her Fourteenth Amendment right to due process.
> Specifically, Petitioner alleges that her trial counsel's

---

Respondent filed the instant motion in lieu of an answer, as permitted by the OSC.

[2] Because the claim is not cognizable, the Court does not reach the question of whether the claim was properly exhausted nor the parties' related arguments on that point.

2

> deficient performance prejudiced the outcome of the trial and that the trial court's failure to correct the jury's misapplication of the preponderance of the evidence standard—rather than the constitutionally required standard of proof beyond a reasonable doubt—violated her right to a fair trial.  These allegations constitute distinct constitutional errors that, when considered in conjunction with her assertion of actual innocence, warrant full federal habeas review.
> 
> Because Petitioner's claims are grounded in established constitutional protections and are not limited to a freestanding actual innocence theory, Respondent's argument that the petition is non-cognizable must be rejected.  Petitioner respectfully requests that the Court permit full consideration of the constitutional claims set forth in the petition, as they raise serious questions concerning the fairness and integrity of the underlying conviction.

Opp. at 3-4.

Re-framed as something other than a stand-alone claim of actual innocence, Moore's third claim can only proceed "(i) as it relates to an error at trial; and (ii) as a basis to excuse the 1-year statute of limitations period . . . ." *Garcia v. Cavallo*, No. 20-CV-04167-WHO (PR), 2023 WL 2960012, at *1 (N.D. Cal. Mar. 1, 2023).  Here, however, neither side raises a statute of limitations issue.  In fact, the Respondent describes the Petition as "timely[.]" *See* Mot. at 2.  Accordingly, even if claim three may be construed as something other than a stand-alone claim of actual innocence, it nonetheless fails.  *Cf. Garcia*, 2023 WL 2960012, at *1 (permitting actual innocence claim to proceed "only in the context of [the petitioner's] claims of ineffective assistance of counsel and as a basis for excusing [the] statute of limitations.").

For the reasons set forth above, the motion to dismiss claim three is **GRANTED**.  Claim three is hereby **DISMISSED WITH PREJUDICE**.

///
///
///
///
///
///
///
///

1  Respondent shall file and serve an answer on Petitioner within 60 days.  Respondent shall
2  file with the answer, and serve on Petitioner, a copy of all portions of the underlying criminal
3  record that were previously transcribed and are relevant to the issues.  If Petitioner wishes to
4  respond to the answer, Petitioner shall do so by filing a traverse with the Court and serving it on
5  Respondent within 30 days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: January 13, 2026

_____

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**